UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARC ANTHONY BUILDERS, INC.,

    Plaintiff,

v.                                      Case No. 8:11-CV-00432-EAK-AEP

JAVIC PROPERTIES, LLC.,
et al.,

    Defendants.
_____/

## ORDER ON JAVIC PROPERTIES, LLC'S MOTION TO DISMISS

THIS CAUSE is before the Court on Motion of Defendant Javic Properties, LLC, to Dismiss Counts I and IV of the Complaint. For reasons set forth below, the Motion to Dismiss will be **GRANTED**. The following facts are considered as true for the purpose of resolving the motion.

## BACKGROUND AND PROCEDURAL HISTORY

This dispute arises out of the alleged infringing use of Marc Anthony Builders' ("Marc Anthony") architectural plans created for Jeffery Stuckert ("Stuckert") and Michael Wilkie ("Wilkie"). (Compl. and Demand for Jury Tr. ¶ 15–18.) Gritton & Associates Architects, LLC ("Gritton"), under a contract with Marc Anthony, agreed to prepare plans for a home for Stuckert and Wilkie; under the agreement Marc Anthony became the owner of the resulting plans. (*Id.* at ¶ 17.) Marc Anthony supplied Stuckert and Wilkie with the plans under an oral agreement that they would not "copy, share or otherwise distribute" them. (*Id.* at ¶ 21.) Subsequently, Stuckert and Wilkie emailed several homebuilders asking them to

1

build a house based on the plans. (*Id.* at ¶ 24.) Gritton then received a phone call from Javic Properties, LLC ("Javic") asking Gritton to work for Javic to complete designs based on the plans. (*Id.* at ¶ 35.) Gritton suggested to Javic that it should either pay Marc Anthony for the plans or create a new design. (*Id.* at ¶¶ 36-38.) Gritton then suggested to Marc Anthony that it apply for a copyright in its designs, which Marc Anthony did. (*Id.* at ¶¶ 39-40, Exhibit F.) Later, Javic took preliminary steps to begin construction of a home that is allegedly "substantially similar and nearly identical to" the design made by Gritton. (*Id.* at ¶ 41.) In response, Marc Anthony filed the present action on March 3, 2011. (*Id.* at p. 1.)

## STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) must be made before pleading; however, "failure to state a claim upon which relief can be granted . . . may be raised . . . (B) by a motion under Rule 12(c); or (C) at trial." Fed. R. Civ. P. 12(b), (h)(2); *see also Hogan v. Provident Life & Accident Ins. Co.*, 2009 WL 2169850, *3 (M.D. Fla. July 20, 2009) ("a court should construe a post-answer motion brought under Rule 12(b)(6) as a motion for judgment on the pleadings brought under Rule 12(c)"). When a 12(c) motion questions whether the complaint states a claim, "the question [is] the same" as a 12(b)(6) motion. *Strategic Income Fund, L.L.C. v. Spears, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 n. 8 (11th Cir. 2002). While a 12(c) motion may be granted when "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law," it may also be granted under the same circumstances as a 12(b)(6) motion. *Scott v. Taylor*, 405 F.3d 1251, 1253 (11th Cir. 2005); *Strategic Income*, 305 F.3d at 1295 n. 8.

While Javic's 12(b)(6) motion was submitted after the pleadings were closed, the Court will evaluate it as a 12(c) motion applying the same standard as a 12(b)(6) motion. To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Furthermore, a complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. While factual allegations are entitled to the presumption of truth, such conclusory allegations are not. *Id.* at 555–556. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) (quoting *Twombly*, 550 U.S. at 556).

## DISCUSSION

Javic challenges two claims brought by Marc Anthony: Count I for copyright infringement and Count IV for violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA" or "the Act").

### I. Infringement Claim

Under the Copyright Act, "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C.A. § 411 (WL current though Pub. L. 112-17). Prior to 2010, the Eleventh Circuit treated this requirement as a jurisdictional prerequisite to suit that required the Copyright Office to grant or deny registration. *MGB Homes, Inc. v. Ameron Homes, Inc.*, 903 F.2d 1486, 1488 (11th Cir. 1990). Last year, however, the Supreme Court decided that

this registration requirement was not jurisdictional. *Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237, 1248 (2010). Still, the Court left open whether the requirement was a "mandatory precondition to suit" that a district court should consider *sua sponte*. *Id.* at 1249. This Court finds that it is a precondition to suit, and will consider whether or not Marc Anthony has met this condition even though Javic's motion does not raise this specific issue.

### A. Mandatory Precondition to Suit

When a statute explicitly bars bringing suit unless certain conditions are met, those conditions are mandatory preconditions to bringing suit. In *Hallstrom v. Tillamook County*, the Supreme Court found that the 60-day notice provision of the Resource Conservation and Recovery Act of 1976 ("RCRA") was a mandatory precondition to suit. 493 U.S. 20, 33 (1989); *see also Reed*, 130 S. Ct. at 1249 (listing the RCRA notice provision as a "threshold condition" when deciding not to determine if the registration requirement was such a condition). The Court noted that the clear language of the statute indicated that "[n]o action may be commenced" unless the requirement was met. *Hallstrom*, 493 U.S. at 25–26 (quoting 42 U.S.C. § 6972(b)(1)). The Court determined that because a civil action commences when the complaint is filed (according to the Federal Rules of Civil Procedure), allowing the suit to continue would be violating an express prohibition. *Id.* at 26–27. The Court found no reason to toll the statute or allow for a "flexible" application because the requirement was not a statute of limitations subject to equitable tolling and nothing overcame the clear wording of the statute. *Id.* at 26–31. Since the statute barred the action, it had to be dismissed. *Id.* at 31.

The phrasing of the Copyright Act similarly indicates a prohibition against filing a suit. "[N]o civil action for infringement... shall be instituted" before the requirement is met, just as "[n]o action may be commenced" under RCRA before the 60-day notice period. 17 U.S.C.A. § 411; 42 U.S.C.A. § 6972(b)(a). Both statutes expressly prohibit a citizen from bringing suit without meeting the requirements of the statute. Further, the registration requirement is not a statute of limitations subject to equitable tolling. Just as the plaintiff in an RCRA action has control over when he gives notice, the plaintiff in an infringement suit can control when he applies for registration. Because the Copyright Act expressly prohibits bringing an infringement action without first obtaining registration, it is a mandatory precondition, and this action should be dismissed if it is not met.

### B. Registration

The Eleventh Circuit follows the so-called "registration" interpretation of the registration requirement. *MGB Homes*, 903 F.3d at 1488-1489; *see also Cosmetic Ideas, Inc. v. IAC/Interactivecorp.*, 606 F.3d 612, 615-116 (9th Cir. 2010) (describing the circuit split and classifying the Eleventh Circuit as a registration jurisdiction). The registration approach requires a copyright holder to obtain a certificate of registration from the Copyright Office before bringing suit. *Cosmetic Ideas*, 606 F.3d at 615-616. Conversely, the application approach requires only that he or she submit an application. *Id.* In *MGB Homes*, the lower court dismissed the plaintiff's original claim because the plaintiff had only filed an application, but had not yet received a certificate of registration. 903 F.3d at 1488-1489. The Eleventh Circuit upheld the lower court's decision as well as its subsequent decision to allow the

plaintiff to amend his complaint despite the fact that it should have been dismissed with prejudice for lack of subject matter jurisdiction. *Id.* Additionally, the court cited with approval several cases requiring that registration be granted or denied before a copyright holder could sue. *Id.* at n.4; *see also e.g., Haan Crafts Corp. v. Craft Masters, Inc.*, 683 F. Supp. 1234, 1242 (N.D. Ind. 1988); *Demetriades v. Kaufmann*, 680 F. Supp. 658, 661 (S.D.N.Y. 1988). While *Reed* may have abrogated the *MGB Homes* court's ruling that the requirement was jurisdictional, the opinion still stands for the proposition that a plaintiff must obtain a certificate of registration or a denial before bringing suit.

The plaintiff in this case has merely submitted an application. (Compl. and Demand for Jury Tr. ¶ 40, Exhibit F.) While this would be sufficient under the application approach, under the registration approach Marc Anthony must have obtained a certificate of registration. Based on the Court's interpretation of *MGB Homes* and *Reed*, the Eleventh Circuit still follows the registration approach, and as such, Marc Anthony's claim must be dismissed as to Javic until the Copyright Office either issues a certificate or denies registration.

## II. Florida Deceptive and Unfair Trade Practices Act Claim

Javic has also motioned to dismiss Marc Anthony's claim under FDUTPA because it fails to state a claim for relief. (Mot. of Def. Javic Props., LLC, to Dismiss Counts I and IV of Compl. at p. 13.) The Court finds that Javic cannot recover under FDUTPA because the Copyright Act preempts state law claims that can be sustained solely by copying.

Javic first contends that this claim should be dismissed because it "simply repeats and realleges its previous allegations, without regard to the applicability of each individual allegation and without clarification of which allegations support this claim for relief." (Mot. of Def. Javic Props., LLC, to Dismiss Counts I and IV of Compl. at p. 13.) The complaint, however, does not merely do this. Paragraph 68 of the complaint alleges that the defendants "each intentionally and knowingly copied and profited from their use" of the plans. Paragraph 69 continues to explain that this copying "constitute[s] unconscionable, unfair[,] and deceptive practices within the scope of Section 501.204 . . . ." Paragraph 68 clarifies that the allegations of copying are meant to support the claim under the Act. The allegations in paragraph 68 are supported by further factual allegations in paragraphs 17, 21, 24, 35-36, and 38-41. Contrary to Javic's assertion, the claim is not conclusory, because it is supported by many factual allegations, and it is not unclear, because it specifies the conduct intended to support a claim under the Act.

Javic further contends that because the Court should dismiss the claim under the Copyright Act, it follows that the FDUTPA claim should be dismissed if it is based on the same conduct. This is not inherently true; FDUTPA protects "rights other than those protected by the Copyright Act." *Donald Frederick Evans and Associates, Inc. v. Continental Homes, Inc.*, 785 F.2d 897, 916 (11th Cir. 1986). Because the standard for determining a violation of the Copyright Act and a violation of FDUTPA are not the same, there is no inherent reason to dismiss one if the other is dismissed.

The Copyright Act, however, preempts certain state laws. "[A]ll legal or equitable rights that are equivalent to any of the exclusive rights within the general

scope of copyright as specified by [S]ection 106 ... are governed exclusively by" the Copyright Act. 17 U.S.C.A. § 301. As such, the Copyright Act preempts a claim premised entirely on allegations of copying, without any additional elements required to collect. *MGB Homes*, 903 F.3d at 1494 (applying this principle to an unfair competition claim). The complaint alleges that Javic violated FDUTPA by intentionally and knowingly copying. (Compl. and Demand for Jury Tr. ¶ 68.) Intent does not distinguish a claim from a copyright claim in a meaningful way. *Crow v. Wainwright*, 720 F.2d 1224, 1226 (11th Cir. 1983). As such, if this is a violation of FDUTPA, the Copyright Act preempts it. Whether or not copying would violate FDUTPA, Marc Anthony cannot recover on the basis of copying alone, because the Copyright Act would preempt that claim.

## CONCLUSION

Marc Anthony's copyright suit fails because they have not satisfied the statutory registration requirement. Further, the Copyright Act preempts Marc Anthony's FDUTPA claim because it seeks to recover for the same conduct that allegedly violates the Copyright Act. Accordingly, it is:

**ORDERED** that the Motion of Defendant Javic Properties, LLC, to Dismiss Counts I and IV of Complaint is **GRANTED**. The Clerk of Court is **DIRECTED** to dismiss defendant Javic Properties, LLC from this cause of action. Defendant Group One Design, Inc. has already been terminated from this cause of action.

**DONE AND ORDERED** in Chambers at Tampa, Florida this 12th of July, 2011.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.